ALLAN D. SARVER SBN106282
LAW OFFICES OF ALLAN D. SARVER
16000 Ventura Boulevard
Suite 1000
Encino, California 91436

Telephone No.: (818) 981-0581
Facsimile No.: (818) 981-0026
E-Mail: ADS@asarverlaw.com

Attorney for Provident Trust Group
FBO Ira J. Boren, I.R.A;
Investment Management LLC,
a Delaware LLC, as Servicing Agent

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>RICHARD PETER HULAR<br><br>               Debtor. | CASE NO. 24-30652-DM<br><br>CHAPTER 13<br><br>OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN BY SECURED CREDITOR, PROVIDENT TRUST GROUP FBO IRA J. BOREN I.R.A.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT<br><br>(341(a) Hearing:<br>Date: October 3, 2024<br>Time: 2:00 p.m.<br>Location: Zoom Video<br><br>Confirmation Hearing:<br>Date: November 20, 2024<br>Time: 10:00 a.m.<br>Location: Via Tele/Video Conference<br>Judge: Honorable Dennis Montali |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTOR'S COUNSEL, DEBTOR, THE CHAPTER 13 TRUSTEE AND OTHER**

Objection to Confirmation of
Debtor's Chapter 13 Plan

**PARTIES IN INTEREST:**

**COMES NOW,** Provident Trust Group FBO Ira J. Boren IRA ("BOREN") through its servicing agent, Investment Management, LLC ("IMC") in opposition to Debtor's proposed chapter 13 plan and alleges as follows:

**I. INTRODUCTION:**

1. Debtor filed for relief under Chapter 13 on August 30, 2024.

2. BOREN is informed and believes that Richard Hular ("Debtor") is the owner of the real property commonly known 3371 Melendy Drive, San Carlos, California, 94070 (the "Property.")

3. BOREN is the holder and payee of a promissory note (the "Note") in the original principal sum of $350,000.00, secured by a second trust deed (the "Deed of Trust") encumbering the Property. Debtor schedules a first trust deed per Schedule D in the sum of $556,211.00. It is unknown if postpetition payments are current.

4. The Note balance on the petition date was $775,801.21 exclusive of postpetition attorney fees and costs which continue to accrue, together with interest which also continues to accrue at the default rate of 24%. The balance due on September 1, 2024 was 791,317.24.

5. The Note is due in full on December 1, 2023 per the second foreclosure agreement. There have been two forbearance agreements between BOREN and the Debtor. The first was executed on November 28, 2022 and extended the foreclosure sale from November 30, 2022 to May 30, 2023. Borrower defaulted. The second

was executed on August 8, 2023 and the extended the foreclosure sale from May 30, 2023 to December 1, 2023. Borrower again defaulted. True and correct copies of the Note, Deed of Trust and Forbearance and Full Release Agreements are Exhibits "A"-"D" hereto.

7. Attached hereto as Exhibit "E" is a true and correct copy of the BOREN ledger showing no payments made since prior to September, 2021.

8. The Note is due in full on December 1, 2023 and as argued infra., Debtor's Plan which is not only not feasible on its face as income is negative monthly $5,981.00, but the Plan fails to satisfy the Note with interest over the life of the Plan. True and correct copies of Debtor's Schedules I & J are Exhibits "F" & "G" hereto.

**II. OBJECTIONS TO CONFIRMATION:**

1. Debtor's plan is not feasible as he lacks adequate income to fund the Plan as proposed;

2. Feasibility issues aside, Debtor does not propose to make any payments until March, 2025 and then without interest.

3. Debtor mis-states the Note's prepetition arrears and mis-classifies the Note which should be included in Class II.

4. The Plan fails to comply with applicable law and satisfy the BOREN Note in accordance with 11 U.S.C. 1325(b) as same comes due during the Plan period which requires the Note be paid in full over the life of the Plan with interest.

5. The within chapter 13 proceeding has been filed in bad faith and calculated solely to delay to avoid foreclosure when

Objection to Confirmation of
Debtor's Chapter 13 Plan                - 3 -

Case: 24-30652   Doc# 16   Filed: 09/23/24   Entered: 09/23/24 13:51:39   Page 3 of 14

all facts and circumstances surrounding the Note's status are considered.

**III. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO CONFIRMATION.**

**A. THE PLAN FAILS TO COMPLY WITH 11 U.S.C. 1325.**

"1325. Confirmation of plan

(a) Except as provided in subsection (b), the court shall confirm a plan if

    (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;

    (3) the plan has been proposed in good faith and not by any means forbidden by law;

    (5) with respect to each allowed secured claim provided for by the plan—

        (A) the holder of such claim has accepted the plan;

        (B)(i) the plan provides that

    (I) the holder of such claim retain the lien securing such claim until the earlier of

        (aa) the payment of the underlying debt determined under non-bankruptcy law; or

        (bb) discharge under section 1328; and

    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law;

    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and..."

**B. THE PROPOSED PLAN IS NOT FEASIBLE.**

    **A. THE BOREN NOTE MUST BE PAID IN FULL WITHIN THE LIFE OF THE PLAN, WITH INTEREST WHICH AT MINIMUM MUST BE THE APPLICABLE TILL RATE,**

**OR THE NOTE RATE.**

Debtor's Plan fails to provide for payment in full of the BOREN Note with interest as required by 11 U.S.C. 506(b) at the Note Rate of 10.55% or the default rate of 24% within the Plan period.

The Plan incorrectly classifies the obligation in Class I when it is a Class II debt. Further, Debtor incorrectly lists the claim at $441,822.00 versus $775,801.21 due on the petition date and then, proposes to pay said amount (deficient by $333,979.21) without interest in payments of $1,366.67 per month, beginning in March, 2025. Arrears of $73,488.00 are grossly understated. (See Exhibit "E") The due date of the Note and the requirements of the Code for payment in full of the obligation over the life of the Plan with interest are disregarded.

Total payments into the Plan total $134,334.00. The Debtor's plan is simply not feasible which BOREN is informed and believes, Debtor knows. Confirmation should be denied.

Pursuant to 11 U.S.C. §1322(b), "Subject to subsections (a) and (c) of this section, a plan may -- (2) modify the rights of holders of secured claims <u>other than a claim secured by a security interest in real property this is the debtor's principal residence....</u>" [Emphasis added] While the terms of the Note can be modified, same must be satisfied within the sixty month life of the proposed Plan.

"Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." <u>11 U.S.C. 1322(e)</u>. The Note must be paid in accordance with its terms, inclusive of interest. <u>In re New Investments, Inc</u>. (9th Cir. 2016) 840 F3d 1137.

The BOREN Note is over secured. Debtor values the Property at $2,504,000.00 (Exhibit "H", Schedule A/B) Therefore, fees, costs or

Objection to Confirmation of
Debtor's Chapter 13 Plan - 5 -

charges as well as attorney fees are to be included to the extent same arise postpetition. (*11 U.S.C. §506(b)*. *In re Hoopai* (9th Cir. 2009) 581 F3d 1090.

The maximum plan period is five years. *11 U.S.C. §1322(d)(1) &(2)*. Debtor must satisfy the BOREN Note in full within the five year period measured from the date the first payment due under the plan comes due. *11 U.S.C. §329(c)*. Instead of providing for the mandatory payment of the Note over the life of the Plan, Debtor addresses only mis-stated arrears and then, without any interest on an improper time-line.

**C. DEBTOR LACKS ADEQUATE INCOME TO FUND THE PROPOSED PLAN.**

The Plan proposes a payment of $1,386.57 for fifty-four (54) months for a total payment of $73,488.00. Debtor's Schedules I & J, (Exh."F"&"G") show inadequate funds to satisfy the BOREN obligation even if accurately stated, in full within five years with interest and attorney fees which continue to accrue.

**D. THE NOTE MUST BE PAID IN FULL WITH INTEREST AT EITHER THE NOTE RATE OR AT MINIMUM, THE "TILL RATE."**

"The Supreme Court, in a plurality decision, held that the cram-down interest rate in a chapter 13 case should be determined by use of the "prime-plus approach (also known as the "formula rate") Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). This calculation starts with the national prime rate charged to creditworthy borrowers. That rate is then adjusted to reflect the greater risk of nonpayment by the debtor, which depends on factors such as "the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan id. 541 US at 479" *California Mortgages, Deeds of Trust and Foreclosure Litigation* (4th Ed. Cal CEB) §11.110 @P. 11-175

Since the Property is valued in excess of BOREN'S claim, the present value requirement of Section 1325(a)(5)(B)(ii) is applied. Id.

Objection to Confirmation of
Debtor's Chapter 13 Plan

-6-

The Plan ignores BOREN'S entitlement to interest on its arrears and the means for satisfying the Note with an appropriate interest rate.

Debtor must comply with the payment of the interest accrual at the appropriate rate and the obligation to pay same pursuant to 11 U.S.C. 1325(B)(i)(I)(aa) going forward in accordance with applicable State law as per 11 U.S.C. 1322(c).

The Prime Rate is currently 8.50%. The Till Rate at minimum is 1.5-3% over prime which would bring the Till Rate to 9.5 - 11.5 percent. The Non-Default rate is 10.50%. The Plan offers 0% interst. Debtor's failure to properly provide for BOREN claim with interest is fatal to confirmation.

The BOREN Note is fully secured and therefore entitled to interest over the life of the Plan at the Note rate (now in default), or at minimum, the Till Rate once determined, plus attorney fees and costs which continue to accrue. At this point, and considering the failure by Debtor to make a payment since September, 2021 while negotiating and defaulting on two separate forbearance agreements, warrants a Till rate of not less than 11.5% as the prime rate is currently 8.5%

**E. DEBTOR'S CHAPTER 13 CASE WAS FILED IN BAD FAITH AND WARRANTS DISMISSAL WITH A BAR AGAINST RE-FILING.**

This is a case where Debtor is clearly using the bankruptcy process to avoid foreclosure. While there is no history of prior filings, the failure to represent accurately, the Note's arrears as acknowledged by two prior forbearance agreements, in essence is a fraud upon this Honorable Court.

Debtor has used forbearance agreements to maintain the Property, living off its equity, while failing to take steps to sell or refinance same to satisfy the BOREN Note. When the forbearance periods ended, and foreclosure was looming, the Debtor resorted to chapter 13 and then, failed to address accurately the known Note

balance and due date terms.

"Debtor has the burden to establish that the plan meets the good faith test. <u>In re Cushman</u> 217 BR 470,475 (Bankr. E.D. Va 1998) "In examining whether there has been a serious abuse of the Code, however, many courts have continued to use the fact-sensitive "all of the circumstances" type of analysis developed by the appellate courts prior to the 1984 amendments." <u>Collier on Bankruptcy, 15th Ed.</u>, P.1325-15 §1325.04[1]

"In determining a debtor's bad faith in Chapter 13 cases, courts consider whether the petition contains deficiencies or inaccuracies meant to mislead the court; whether payments are fair in timing and amount; whether the debtor had an improper motive in seeking relief; and whether, upon consideration the totality of the circumstances, the debtor abused the Chapter 13 process. <u>In re Perkins</u> 52 C.B.C. 2D 82; 304 BR 477.

"A secured creditor moved for relief from stay, or in the alternative, for dismissal or conversion of the debtor's petition on the ground of bad faith, because the petition had been filed on the eve of foreclosure. The bankruptcy court granted the motion to dismiss, ruling that, although a mere filing of a petition on the eve of foreclosure was insufficient to support a finding of bad faith, the debtors had met numerous other factors warranting dismissal on bad faith grounds. These factors were (1) few or no unsecured creditors; (2) a previous bankruptcy petition; (3) improper prepetition conduct; (4) few debts to non-moving creditors; (5) filing on the eve of foreclosure; (6) the foreclosed property was the sole or major asset; (7) there was no ongoing business nor were there creditors; (9)

reorganization essentially involved the resolution of a two party dispute; and (10) the debtors had filed solely to create the automatic stay; (12) Reorganization essentially involves the resolution of a two party dispute. See #1." In re Thane Development Associates, L.P. (D. MA, 8/17/92) 143 B.R. 310; See also: In re Duvar Ap., Inc. 97 S.O.S.A 4063 (BAP May, 1997)

The Plan fails to fully and properly provide for the Note and there are inadequate funds available to pay the debt within the requisite five year period.

"A bad faith filing provides grounds for dismissing a bankruptcy petition or converting the case to one under chapter 7." In re Eastman 182 BR 386;33 C.B.C. 2d 989 (BC SDNY 1995); See also In re Molitor 76 F3d 218; 35 C.B.C. 2d 588 (CCA-8 1996); In re Lilly 91 F.3d 491; 36 C.B.C. 2d. 609 (CCA-3 1996) "Good faith of Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances, including, the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in fling the petition, how the debtor's actions affected creditors, the debtor's treatment of creditors both before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and creditors. ID

The court in the of In re Leavitt (9th Cir. BAP) upheld the dismissal of a Chapter 13 with prejudice, based upon the debtor's bad faith, taking the position that debtor's behavior was sufficiently egregious to warrant the dismissal of the case, with prejudice. "The bankruptcy court may dismiss for any of ten enumerated reasons. Bad faith is a "cause" for dismissal. A finding of bad faith based on

Objection to Confirmation of
Debtor's Chapter 13 Plan - 9 -

egregious behavior can justify dismissal with prejudice."

**IV. CONCLUSION.**

For all of the foregoing reasons, BOREN prays this court enter an order denying confirmation of the Chapter 13 plan and dismiss the pending chapter 13 proceedings with a bar against refiling and grant such other relief as is deemed just and proper.

Dated: September 19, 2024

ALLAN D. SARVER, ESQ.
Attorney for Investment
Provident Trust Group
FBO Ira J. Boren, I.R.A;
Investment Management LLC,
a Delaware LLC, as Servicing
Agent

## DECLARATION OF BRIAN BOREN

I, BRIAN BOREN declare that:

1. If called upon as a witness, I would testify that the within declaration is true and correct of my own personal knowledge.

2. I am the director of acquisitions of Investment Management, LLC, a limited liability corporation which is the servicing agent for Boren the holder of a promissory note secured by a second trust deed (the "Loan Documents") which encumbers the real property commonly known as 3371 Melendy Drive, San Carlos, California 94070 (the "Property") owned by Debtor.

3. I am the custodian of records of the accounting books and records on the subject loan which I maintain for the underlying Note secured by Deed of Trust. The BOREN Note, secured by its 2nd trust deed was due in full on December 1, 2023 following default on the second foreclosure agreement noted below.

4. On Debtor executed a Note Secured by Second Deed to Trust in the principal sum of $350,000.00.

5. There have been two forbearance agreements between BOREN and the Debtor. The first was executed on November 28, 2022 and extended the foreclosure sale from November 30, 2022 to May 30, 2023. Borrower defaulted. The second was executed on August 8, 2023 and the extended the foreclosure sale from May 30, 2023 to December 1, 2023. Borrower again defaulted. True and correct copies of the Note, Deed of Trust and Forbearance and Full Release Agreements are Exhibits "A" -"D" hereto.

Objection to Confirmation of
Debtor's Chapter 13 Plan

- 11 -

6. I have read the contents of and reviewed the documents contained and referenced in the statement of facts accompanying this Opposition to Confirmation of Plan and know same to be true and correct to the extent same are apart of my files, maintained in the ordinary course of the business of IMC as a real estate lender/developer/property manager and loan servicer.

7. The prepetition balance due on the Note is contained in the ledger, a true and correct copy of which is Exhibit "E" hereto. The amount due on the petition date was $775,801.21 and continues to accrue interest, costs and attorney fees which will be reflected in a proof of claim to be filed.

8. As of the date of this declaration, I have not been provided with any documentation substantiating the existence of insurance on the Property naming BOREN or IMC, as a loss payees.

9. Debtor has failed to make postpetition payments to BOREN and I am informed and believe that the proposed plan does not provide for any payment until March, 2025 and then, in an amount which is wholly inadequate to satisfy the BOREN Note within a sixty month period.

10. I believe that I am competent to testify as to the Debtor's ability to refinance the subject Property at this time. While no interest rate going forward is proposed, in my opinion it would be greater than what I understand to be the minimum Til rate of 8.5% plus a maximum of three points. The subject Note has been in default since September, 2021 and is presently in foreclosure.

11. Any loan IMC would make to a third party would of course require a loan application for me to be able to examine the potential

borrower's assets, liabilities, income and expenses to determine if the contemplated loan is within acceptable risk levels. I further look to the value of the collateral as would in my opinion, any reasonable lender to determine if there is an adequate equity cushion of not less than 25-35%, depending upon circumstances of the proposed borrower in order to protect the potential loan which is under consideration in the event of default.

12. While there may be an equity cushion in the Property, after a review of Debtor's Schedule I & J, as well as the bankruptcy petition and schedules, it is clear to me that IMC would not lend new money or refinance based on Debtor's payment history. In fact, if the court were to consider a Till rate over the default interest rate, the interest rate should, in my opinion be not less that 11.5%.

13. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City of Santa Monica, State of California on the 20th day of September, 2024.

_____
BRIAN BOREN
Declarant

Case: 24-30652   Doc# 16   Filed: 09/23/24   Entered: 09/23/24 13:51:39   Page 13 of 14

# DECLARATION OF ALLAN D. SARVER

I, ALLAN D. SARVER declare that:

1. I am an attorney, duly licensed to practice law before this court. I am the attorney for the secured creditor herein.

2. If called upon as a witness, I would testify competently and under oath that the within declaration is true and correct with the exception of those matters stated on information and belief, which I believe to be true and correct.

3. I am the custodian of the books, records and files maintained in my law office. Same are kept in the ordinary and normal course of my business as an attorney. The documents attached hereto are known to me to be true and correct copies of the originals.

4. The Debtor's bankruptcy papers submitted herewith are true and correct copies of those obtained by me from PACER, and are true and correct copies of documents filed by Debtor in the pending chapter 13 proceeding or otherwise downloaded from the PACER system by your Declarant in furtherance of the preparation of this opposition to

5. I declare under penalty of perjury that the within declaration is true and correct and that this declaration was executed in the City of Encino, California, on the 20th day of September, 2024.

_____
ALLAN D. SARVER, DECLARANT

Objection to Confirmation of
Debtor's Chapter 13 Plan                - 14 -