1  **ALLAN D. SARVER** SBN 106282
   Attorney at Law
2  16000 Ventura Boulevard
   Suite 1000
3  Encino, California 91436

4  Telephone No.: (818) 981-0581
   Facsimile No.: (818) 981-0026
5  Email: ads@asarverlaw.com

6  Attorney for Creditors
   Provident Trust Company FBO
7  Ira J. Boren, I.R.A. Investment
   Management LLC, a Delaware LLC, as Servicing Agent
8

9              UNITED STATES BANKRUPTCY COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  In re                          CASE NO. 24-30652-DM

14  RICHARD PETER HULAR             CHAPTER 13

15        Debtor                    JOINDER BY PROVIDENT TRUST
                                    COMPANY FBO IRA J. BOREN,
16                                  I.R.A. TO TRUSTEE'S MOTION TO
                                    DISMISS CHAPTER 13 PROCEEDING
17                                  OF DEBTOR, RICHARD PETER
                                    HULAR; MEMORANDUM OF POINTS
18                                  AND AUTHORITIES, DECLARATION
                                    IN SUPPORT
19

20                                  Date: February 19, 2025
                                    Time: 10:10 a.m.
21                                  Ctrm: Telephone/Video

22  _____

23  TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE,

24  DEBTOR'S COUNSEL, DEBTOR, THE CHAPTER 13 TRUSTEE AND OTHER

25  PARTIES IN INTEREST:

26     **COMES NOW,** Provident Trust Group FBO Ira J. Boren I.R.A.

27  ("BOREN") through its servicing agent, Investment Management,

28  Joinder in Trustee's Motion to Dismiss          1

1  LLC ("IMC") in support of their joinder to the Trustee's Motion

2  to Dismiss the Debtor's pending chapter 13 proceeding and

3  alleges as follows:

4  **I. INTRODUCTION:**

5      1. Debtor filed for relief under Chapter 13 on August 30,

6  2024.

7      2. BOREN is informed and believes that Richard Hular

8  ("Debtor") is the owner of the real property commonly known 3371

9  Melendy Drive, San Carlos, California, 94070 (the "Property.")

10     3. BOREN is the holder and payee of a promissory note (the

11  "Note") in the original principal sum of $350,000.00, secured by

12  a second trust deed (the "Deed of Trust") encumbering the

13  Property.

14     4. The Property is further encumbered by the following:

15         a.  First trust deed holder: Select Portfolio

16  Servicing, Inc., $556,211.00 per Debtor's Schedule D (See

17  Exhibit "1" hereto.)

18         b.  A second trust deed in favor of Petitioner, which

19  on the petition date was $775,801.21 exclusive of postpetition

20  attorney fees and costs which continue to accrue, together with

21  interest which also continues to accrue at the default rate of

22  24%.  The balance due on September 1, 2024 was 791,317.24. A

23  true and correct copy of the Boren Proof of Claim is Exhibit "2"

24  hereto.

25         c. Unpaid real property taxes of approximately

26  $5,431.72 for the first installment which was due November 1,

27

28  Joinder in Trustee's Motion to Dismiss          2

2024 (Sarver Declaration and Exhibit "3".)

5. The Boren Note was due was full on December 1, 2023 per the second foreclosure agreement. There have been two forbearance agreements between BOREN and the Debtor. The first was executed on November 28, 2022 and extended the foreclosure sale from November 30, 2022 to May 30, 2023. Debtor defaulted. The second was executed on August 8, 2023 and extended the foreclosure sale from May 30, 2023 to December 1, 2023. Debtor again defaulted (Exhibit "E" to proof of claim.

## II. THE TRUSTEE'S DISMISSAL MOTION

6. The Chapter 13 Trustee's Motion to Dismiss with which Boren joins, contends dismissal is proper for the following reasons:

a.) there is unreasonable delay that is prejudicial to creditors and

b.) debtor has failed to make timely payments to the Trustee.

## III. THE BOREN CONTENTIONS:

7. Boren further contends Debtor's plan is not feasible as he lacks adequate income to fund the Plan as proposed and satisfy the Boren, let alone cure and maintain the senior lienholder, and real property taxes currently in default based on inadequate income.

8. Submitted herewith as Exhibit "4" is a true and correct certified copy of the transcript of the 341a creditors meeting of November 21, 2024 which Debtor acknowledged there was no

Case: 24-30652   Doc# 21   Filed: 12/30/24   Entered: 12/30/24 14:31:06   Page 3 of 9

insurance in place for the benefit of Boren  (341a Transcript @P.9:13)

9.    Debtor has proposed a chapter 13 plan which is not feasible on its face as income is negative monthly $5,981.00. True and correct copies of Debtor's Schedules I & J are Exhibits "5" & "6" hereto. Debtor's proposed chapter 13 plan is Exhibit 7 hereto.

8.    While Petitioner understands the entry of an order of dismissal of a voluntary chapter 13 is a drastic remedy in advance of a plan confirmation hearing, nothing contained in the schedules or proposed plan would lead a reasonable person to believe that plan confirmation is feasible.

**IV.   MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   GOOD CAUSE EXISTS TO DISMISS THE PENDING CHAPTER 13 AS DISMISSAL IS IN THE BEST INTERESTS OF CREDITORS.   THE PLAN AS PROPOSED IS NOT FEASIBLE AND WAS FILED IN BAD FAITH, SOLELY TO STOP FORECLOSURE.**

a. The Code Authorizes Creditor To Seek Dismissal.

"Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may ...dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;..." 11 U.S.C. 1307[C}

Unfortunately it is clear that Debtor has no prospect for

Joinder in Trustee's Motion to Dismiss               4

1 reorganization under chapter 13. Income is limited to social
2 security and Debtor testified he will not sell the property
3 collateralizing the first and second trust deeds to satisfy
4 debt. (Exh. 4@20:3-15)

5 The Proposed Plan is negative $5,981.00 per month. Thus, it
6 based on the lack of available income to fund a plan, it is
7 clear that chapter 13 was solely to delay and avoid the
8 foreclosure of the Property.

9 While it is understandable that a chapter 13 would be a
10 mechanism to cure mortgage arrears, it is simply impossible
11 under the circumstances and from the Debtor's own papers, there
12 is no ability to accomplish the goal of reorganization.

13 Presently there is no confirmation hearing set and none
14 will be set unless the Boren Plan objection is resolved.
15 Interest continues to accrue on the senior lien to the detriment
16 of Boren and real property taxes continue to accrue or are
17 advanced by the first trust deed holder, again to the prejudice
18 of Boren.

19 **B. DISMISSAL IS WARRANTED BASED ON THE TOTALITY OF THE**
20 **CIRCUMSTANCES OR WHERE THE CASE WAS FILED IN BAD FAITH.**

21 In re: Ellsworth (9th Cir. BAP 2011)455 B.R. 904 is a BAP
22 decision in which the court looked to the totality of
23 circumstances to determine if dismissal was or was not in the
24 best interest of creditors.

25 The facts of this case demonstrate Debtor is not acting in
26 good faith in these proceedings. Debtor filed chapter 13 to

27

28 Joinder in Trustee's Motion to Dismiss               5

Case: 24-30652   Doc# 21   Filed: 12/30/24   Entered: 12/30/24 14:31:06   Page 5 of 9

avoid foreclosure and lacks any possible means of confirming a plan based not only on the Plan itself, but upon the schedules submitted under penalty of perjury. The numbers simply do not and cannot work.

The requirements for chapter 13 plan confirmation are identified at 11 U.S.C. §1325.

"(a) Except as provided in subsection (b), the court shall confirm a plan if

(1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(5) with respect to each allowed secured claim provided for by the plan - (A) the holder of such claim has accepted the plan; (B)(i) the plan provides that - (I) the holder of such claim retain the lien securing such claim until the earlier of - (aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328; and (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and (iii) if - (I) property to be distributed pursuant to this subsection is in the form of periodic payments,

Case: 24-30652   Doc# 21   Filed: 12/30/24   Entered: 12/30/24 14:31:06   Page 6 of 9

such payments shall be in equal monthly amounts; and (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or (C) the debtor surrenders the property securing such claim to such holder;

(6) the debtor will be able to make all payments under the plan and to comply with the plan;

(7) the action of the debtor in filing the petition was in good faith;

"Cause" for dismissal under 11 U.S.C. §349 has not been specifically defined by the Bankruptcy Code. For Chapter 13 cases, §§ 1307(c)(1) through (10) provide that the bankruptcy court may convert or dismiss, depending on the best interests of the creditors and the estate, for any of ten enumerated circumstances.

An examination of the facts demonstrates that this Debtor simply cannot confirm a chapter 13 plan and allowing the case to remain open is unduly prejudicial to Petitioner whose debt to the senior lienholder increases daily. Further, interest on real property taxes will continue to accrue.

**C. THE PLAN AS PROPOSED FAILS TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. §1322(b)(3).**

The Creditors Note is due in full. Debtor has defaulted on two separate forbearance agreements. Unfortunately, nothing contained in the plan complies with the provisions of 1322(b)(3)

Case: 24-30652   Doc# 21   Filed: 12/30/24   Entered: 12/30/24 14:31:06   Page 7 of 9

either. "The Debtor may not cure a default under this section if the debt matures earlier than the due date for the final plan payment. Thus, if a large final balloon payment is due on a debt prior to the termination fo the plan, section 1322(b)(5) may not be utilized, and the debtor must look to other Code section, usually section 1322(b)(3)" (citations omitted)

The Plan is simply not confirmable and Debtor clearly knows it. The case was filed to delay foreclosure to the detriment of Creditors and should be dismissed.

**V. CONCLUSION**

For all of the foregoing reasons, Creditor prays that this court enter an order dismissing the pending chapter 13 proceeding and grant such other relief as is deemed just and proper, inclusive of a bar against re-filing for 180 days.

Dated: December 18, 2024

_____
ALLAN D. SARVER
Attorney for Secured Creditors
Provident Trust Company FBO
Ira J. Boren, I.R.A. Investment
Management LLC, a Delaware LLC,
as Servicing Agent

Joinder in Trustee's Motion to Dismiss                8

# DECLARATION OF ALLAN D. SARVER

I, ALLAN D. SARVER declare that:

1. I am an attorney, duly licensed to practice law before this court. I am the attorney for the secured creditor as identified on the caption page of this pleading.

2. If called upon as a witness, I would testify competently and under oath that the within declaration is true and correct with the exception of those matters stated on information and belief, which I believe to be true and correct.

3. The bankruptcy papers submitted herewith are true and correct copies of those obtained by me from PACER, or are true and correct copies of documents filed by Debtor in the pending chapter 13 proceeding or otherwise downloaded from the PACER system by your Declarant in furtherance of the preparation of this Motion to Dismiss.

4. I declare under penalty of perjury that the within declaration is true and correct and that this declaration was executed in the City of Encino, California, on the _18_ day of December, 2024.

_____
ALLAN D. SARVER
Declarant

Joinder in Trustee's Motion to Dismiss                  9